**Tara D. SADLER and Donald Sadler, wife and husband, Plaintiffs–Appellants,**

**v.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign insurer, Defendant–Appellee.**

No. 08–35859.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 15, 2009.

Filed Nov. 4, 2009.

tection Act ("CPA").[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[2]

■ The district court properly concluded as a matter of law that State Farm did not have a duty to preapprove Tara's surgery under the personal injury protection ("PIP") provision of the Sadlers' automobile insurance policy. The PIP does not require preapproval for medical treatment, explicitly allows State Farm to obtain an independent medical examination ("IME"), and indicates that payment is to be made as medical expenses are *incurred.* Further, there is no Washington law recognizing an implied duty to preauthorize treatment under a PIP. Because State Farm had no implied duty to preapprove Tara's surgery, State Farm cannot be charged with any harm flowing from Tara's decision to await the outcome of the IME before proceeding with treatment.

■ The district court also properly granted State Farm summary judgment on the Sadlers' related claim that State Farm had acted in bad faith by requesting and then delaying the IME. The undisputed facts show that State Farm had a contractual right to obtain the IME, that as soon as State Farm learned of Tara's request for surgery it scheduled an IME, and that the IME report was completed about thirty-six days thereafter. The Sadlers cite no evidence indicating that State Farm's handling of the IME was atypical, contrary to law, or otherwise unreasonable, unfounded or frivolous. *See, e.g., Overton v. Consol. Ins. Co.,* 145 Wash.2d

Karen Koehler, Stritmatter Kessler Whelan Coluccio, Seattle, WA, Garth L. Jones, Counsel, Stritmatter Kessler Whelan Coluccio, Hoquiam, WA, for Plaintiffs–Appellants.

Joseph D. Hampton, Esquire, Betts Patterson & Mines, PS, Seattle, WA, for Defendant–Appellee.

Before: RAWLINSON and CALLAHAN, Circuit Judges, and BURNS,* District Judge.

### MEMORANDUM **

Tara and Donald Sadler (the "Sadlers") appeal from the district court's grant of summary judgment in favor of State Farm on their claims of bad faith and alleged violations of Washington's Consumer Pro-

---

\* The Honorable Larry A. Burns, U.S. District Judge for the Southern District of California, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The Sadlers alleged claims for breach of fiduciary duty, breach of the duty of good faith, and negligence. We refer to these

claims collectively as the Sadlers' claims for "bad faith." *See Tank v. State Farm Fire & Casualty Co.,* 105 Wash.2d 381, 715 P.2d 1133, 1136 (1986) (en banc) (discussing good faith duties of insurers).

2. The parties are familiar with the facts and we repeat them here only as necessary to explain our decision.

417, 38 P.3d 322, 329 (2002) (en banc) (to prevail on a claim of bad faith, an insured must show that the insurer's conduct was "unreasonable, frivolous, or unfounded").

 Finally, the district court properly granted summary judgment as to the Sadlers' CPA claims. These claims fail as a matter of law due to the Sadlers' failure to establish the requisite injury to business or property. *See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,* 105 Wash.2d 778, 719 P.2d 531, 535 (1986) (en banc). Because the Sadlers' arguments under the CPA are premised on the loss of Tara's job, and because a job loss is a personal injury, not an injury to business or property under the CPA, the district court correctly granted summary judgment to State Farm. *See Ambach v. French,* 216 P.3d 405, 407–11 (Wash. 2009)(en banc).

**AFFIRMED.**